UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| CRISTOBAL PASCUAL, DAVID JIMENEZ, and OSCAR PARRA, on behalf of themselves and all similarly situated individuals, <br><br> *Plaintiffs,* <br><br> v. <br><br> CORSICANA BEDDING, INC., <br><br> *Defendant.* | COLLECTIVE ACTION <br><br> CASE NO. _____ |

## COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1. Cristobal Pascual, David Parra, and Tomas Flores (collectively "Plaintiffs") bring this lawsuit against Defendant Corsicana Bedding, Inc. ("Defendant"), seeking to recover unpaid wages owed to them under federal law.

2. In violation of federal law, Defendant has failed to pay its mattress factory production employees for all time worked, including failing to pay such employees the overtime wages they are owed under the law.

3. Plaintiffs bring this action for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, as amended by the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 251, *et seq.*, for the purpose of obtaining relief for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorney's fees, and declaratory and injunctive relief. Pursuant to 29 U.S.C. § 216(b), Plaintiffs also seek to represent all other similarly situated past and

1

present employees, as described herein, who have not been paid for all compensable time worked, and to have this action certified as a collective action with Court-supervised notice.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims because they are brought pursuant to the FLSA, 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

5. Venue is proper in this federal jurisdiction pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant resides in this judicial district due to the fact that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

## PARTIES

**A.  Plaintiffs**

6. Plaintiff Cristobal Pascual is over the age of nineteen (19) and worked for Defendant since 2006 as a production worker before he resigned in October 2013. Through his employment with Defendant, Plaintiff Pascual was classified by Defendant as non-exempt from the provisions of the FLSA. He is a resident of Bedford County, Tennessee.

7. Plaintiff David Jimenez is over the age of (19) and has worked for Defendant as a production worker since 2008. Through his employment with Defendant, Plaintiff Jimenez was classified by Defendant as non-exempt from the provisions of the FLSA. He is a resident of Coffee County, Tennessee.

8. Plaintiff Oscar Parra is over the age of (19) and has worked for Defendant a production worker since 2007. Through his employment with Defendant, Plaintiff Parra was

2

classified by Defendant as non-exempt from the provisions of the FLSA. He is a resident of Bedford County, Tennessee.

**B.     Defendant**

9.     Defendant Corsicana Bedding, Inc. is a Texas Corporation headquartered at 2700 Texas 31, Corsicana, Texas 75109.  Defendant maintains a production facility at 1 Cedar King Road in Shelbyville, Tennessee 37160.

10.     At all relevant times, Defendant was and is regularly engaged in interstate commerce.

11.     At all relevant times, Defendant was and is an employer within the meaning of the FLSA, 29 U.S.C. §§ 206-07.

12.     At all relevant times, Defendant was and is an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA.

## **FACTS**

13.     Defendant is in the business of manufacturing and selling mattresses.

14.     Plaintiffs and those they seek to represent have all been employed by Defendant as non-exempt production workers.

15.     As a matter of company policy, Defendant pays the overwhelming majority of its non-exempt production workers according to a piece rate system.

16.     Under this system, Plaintiffs and similarly situated employees are paid per mattress piece completed.

17.     Plaintiffs' compensation, and the compensation of similarly situated employees, varies based on the quantity of the mattress pieces completed during each workweek.

3

Case 4:14-cv-00008-HSM-SKL   Document 1   Filed 02/03/14   Page 3 of 8   PageID #: 3

18. Defendant regularly requires Plaintiffs and similarly situated employees to work 10 or more hours per day, Monday through Friday, and also regularly requires Plaintiffs to work 8 or more hours on Saturdays.

19. Plaintiffs and similarly situated production workers work forty or more hours per week on a regular basis.

20. Defendant requires Plaintiffs and similarly situated production workers to use a laminated card containing an individualized barcode to "punch in" to work when they arrive.

21. Defendant requires Plaintiffs and similarly situated production workers to use a separate laminated card containing an individualized barcode to scan each piece they complete.

22. In order for Plaintiffs and similarly situated workers to begin scanning pieces, they must prepare their work areas with the materials required for production, including, for example, foam, fibers, glue, tape, stables, and other materials for assembling and sewing the mattresses.

23. The preparation process that must occur before piecework production can begin takes between 15 and 20 minutes each workday. However, Defendants' pay system fails to capture all of this work time for pay purposes.

24. As a matter of company policy, Corsicana does not compensate Plaintiffs and similarly situated workers for the time they spend preparing their areas before piecework begins. This policy violates the continuous workday principle of the FLSA, which requires that employers pay for all time worked after its employees engage in their first principal work activity of the day. *IBP vs. Alvarez*, 546 U.S. 21 (2005).

25. As a result of this policy, Defendant regularly fails to accurately calculate and pay one and one-half times the regular piece rate to Plaintiffs and similarly situated workers for work performed over 40 hours in a work week.

26. As a result of this common policy or practice, Defendant has failed to pay Plaintiffs and similarly situated workers an overtime piece rate for most or all of the overtime hours they have worked.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs assert their FLSA claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All individuals employed by Corsicana Bedding, Inc. at any time between January 31, 2011 and the present, working out of its Shelbyville, Tennessee facility as piece rate production workers.

28. Plaintiffs are representatives of the class they seek to represent.

29. All, or virtually all, of the legal and factual issues that will arise in litigating the class claims are common to the class members and Plaintiffs. These include:

    a. Whether Defendant, as a matter of company policy or practice, utilized a pay system that failed to capture all time worked for pay purposes;

    b. Whether Defendant, as a matter of company policy or practice, regularly required, suffered, or permitted its piece rate production workers to work more than 40 hours per workweek; and

    c. Whether Defendant, as a matter of company policy or practice, failed to pay its piece rate production workers an overtime piece rate for work performed over 40 hours per workweek.

30. Plaintiffs and class members are similarly situated as that term is defined under 29 U.S.C. § 216(b) and the associated case law, *see, e.g., O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009), because, *inter alia*, they were all subjected to Defendants' common practices of refusing to pay an overtime piece rate for work performed over 40 hours per workweek.

## CAUSES OF ACTION
### COUNT I
### (Alleging Violation of the FLSA for Unpaid Overtime, Brought on Behalf of Plaintiffs and All Similarly Situated Individuals)

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA requires that Defendant pay employees overtime compensation "not less than one and one-half times" their regular rate of pay. 29 U.S.C. § 207(a).

33. Because Plaintiffs and class members were paid at piece rates, rather than hourly wages, the FLSA more specifically requires that Defendant pay overtime compensation "not less than one and one-half times the bona fide piece rates applicable to the same work when performed during non-overtime hours." 29 U.S.C. § 207(g)(1).

34. Pursuant to Defendant's common business policies and/or practices, Defendant has violated the FLSA by consistently requiring, suffering, or permitting Plaintiffs and similarly situated piece rate production workers to work more than 40 hours per week and by failing to pay Plaintiffs and similarly situated piece rate production workers overtime compensation for all time worked above 40 hours per workweek.

35. In violation of the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief on behalf of themselves and other similarly situated employees who opt in to this action:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation provided to all potential members of the collective action;

C. A declaration that Defendant has violated the FLSA:

D. A declaration that Defendant's violation of the FLSA was willful and knowing;

E. Unpaid wages (including overtime wages) and prejudgment interest to the fullest extent permitted under the law;

F. An injunction prohibiting Defendant from violating the FLSA;

G. Liquidated damages to the fullest extent permitted under the FLSA;

H. Litigation costs, expenses, and Plaintiffs' attorney's fees to be paid by Defendants to the fullest extent permitted under the law, including under 29 U.S.C. § 216(b);

I. Such other and further relief as this Court deems just and proper.

Dated: February 3, 2014

Respectfully submitted,

/s/ **David W. Garrison**
**DAVID W. GARRISON, BPR No. 24968**
**R. ANDREW FREE, BPR No. 30513**
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
Telephone: (615) 244-2202
Facsimile: (615) 252-3798
dgarrison@barrettjohnston.com
afree@barrettjohnston.com

*Attorneys for Plaintiffs*